UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

OTTER PRODUCTS, LLC,

    Plaintiff,

v.                                             Case No.16cv3874 (JNE/BRT)
                                              ORDER

MEAN CAT CREATIONS CO.,

    Defendant.

Plaintiff Otter Products, LLC ("Otter"), d/b/a OtterBox, alleges that Defendant Mean Cat Creations Co. ("MCCC") has infringed Otter's intellectual property rights related to its cell phone protector products. MCCC has not appeared in this action. On March 3, 2017, Otter applied to the Clerk of Court for entry of default, which was entered on March 7. Otter moved for entry of default judgment on April 3, 2017. The Court held a hearing on Otter's Motion for Default Judgment on May 16, 2017. MCCC did not oppose the motion or appear at the hearing.

"Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true, but 'it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (citation omitted); *see also Martinizing Int'l, LLC v. BC Cleaners, LLC*, -- F.3d --, No. 16-1069, 2017 WL 1521508, at *1 (8th Cir. Apr. 28, 2017). The Court must still "ensure that 'the unchallenged facts constitute a legitimate cause of action' prior to entering final judgment." *Marshall v. Baggett*, 616 F.3d 849, 852-53 (8th Cir. 2010) (quoting *Murray*, 595 F.3d at 871). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

**Findings of Fact and Conclusions of Law**

1.      Otter has obtained federal registrations for the mark "DEFENDER SERIES" and

for its yellow, rounded rectangle mark, both used in connection with its cell phone protective covers: U.S. Trademark Registration Nos. 3,623,789; 4,616,874; and 4,293,603. Compl. ¶¶ 9-10; *id.* Exs. A-C. Otter uses these marks in commerce. Compl. ¶¶ 11-13. The marks have accumulated goodwill throughout the United States as a result of Otter's marketing efforts and sales. *See id.* ¶¶ 14-16. Similarly, the OtterBox packaging trade dress—a curved box with, among other things, yellow side panels and a black back, with rounded square icons and yellow and white text—is inherently distinctive, has been in use since 2012, is nonfunctional, and has acquired secondary meaning. *See id.* ¶¶ 17-22.

2. Otter owns copyrights in the content and artwork on its DEFENDER SERIES packaging. Compl. ¶ 23. Otter does not allege that the copyrights are registered or that it has applied for registration. It conceded at the hearing that they are not registered. With certain exceptions not implicated by the Complaint's allegations, "[n]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with [the Copyright Act]." 17 U.S.C. § 411(a); *see also* 2 Melville B. Nimmer and David Nimmer, *Nimmer on Copyright* § 7.16(B)(1)(a) (2017). The Court therefore will not enter default judgment on the copyright cause of action.

3. Otter's product, which includes a "case" and a "holster," is subject to design patents for both parts: U.S. Patent Nos. D683,955; D738,365; D703,197; and D703,654. Compl. ¶¶ 24-25, 28-29, 32-35; *id.* Exs. E, G, I, J. Otter also has design patents as to the ornamental design of and handle on its packaging: U.S. Patent Nos. D710,195 and D703,530. Compl. ¶¶ 26-27, 30-31; *id.* Exs. F, H. Otter owns each of these patents. Compl. ¶¶ 24, 26, 28, 30, 32, 34.

4. Like Otter, MCCC sells protective cases for portable electronic devices and related accessories, including cell phone protectors. MCCC has targeted Otter, a direct

competitor, and knocked off Otter's trademarks, trade dress, and patented designs in an effort to trick consumers into purchasing MCCC's "iDefender" copycat products in lieu of Otter's products. Compl. ¶ 36.

5. MCCC markets and sells a cell phone protector that it calls the "iDefender." The use of this mark, which is confusingly similar to DEFENDER SERIES, on cell phone protectors infringes Otter's DEFENDER SERIES mark. *See* Compl. ¶¶ 37-39; *id.* Ex. K. The MCCC product also infringes Otter's '197 and '654 design patents in the OtterBox case. Compl. ¶ 40.

6. MCCC also markets and sells a cell phone protector that is a near counterfeit of Otter's packaging and products. These "iDefender" branded products are sold in packaging that bears a replica of Otter's yellow rounded rectangle mark and that is nearly identical to Otter's packaging. *See* Compl. ¶¶ 41-42; *compare with id.* ¶ 17. MCCC's packaging infringes Otter's design patents relating to its DEFENDER SERIES packaging. *See id.* ¶ 43.

7. MCCC's near-counterfeit products are replicas of Otter's DEFENDER SERIES cell phone protectors and infringe Otter's '365 and '955 design patents in its case and holster. *See* Compl. ¶¶ 40, 43.

8. MCCC sells these infringing cases through the same retail channels as Otter's DEFENDER SERIES brand products, including but not limited to Amazon.com. MCCC sells these cases to Otter's customer base, the general public. *See* Compl. ¶¶ 12, 37, 45.

9. The quality of MCCC's "iDefender" products is significantly lower than Otter's DEFENDER SERIES branded products. Evidence of the poor quality and of confusion with Otter's marks and products, is shown in some customer comments on Amazon.com. *See* Compl. ¶ 46; *id.* Exs. K, L.

10. MCCC's use of confusingly similar marks and trade dress in commerce and its

3

unauthorized infringement of Otter's design patents harms Otter, its direct competitor. *See, e.g.*, Compl. ¶¶ 49, 53.

11. MCCC had actual notice of Otter's intellectual property rights at least by September 30, 2015, when Otter's counsel sent a cease-and-desist letter to MCCC's CEO and counsel. MCCC nonetheless continued to sell its infringing "iDefender" products. *See* Compl. ¶¶ 52, 57, 60.

12. Otter has stated claims for trademark and trade dress violations under 15 U.S.C. § 1125(a) and Minn. Stat. § 325D.44, for design patent infringement under 35 U.S.C. § 271, and for Minnesota common law trademark infringement and unfair competition. MCCC's infringement after September 2015 has been willful.

13. MCCC's acts of infringement and unfair competition have irreparably harmed and will continue to irreparably harm Otter. The harm to Otter from MCCC's infringement and unfair competition outweighs the potential harm to MCCC from enjoining MCCC's infringement. The public interest will be served by an injunction against MCCC's infringement and unfair competition. A permanent injunction against MCCC's infringing conduct is an appropriate remedy in this case. *See* 15 U.S.C. § 1116(a); 35 U.S.C. § 283.

14. Although Otter seeks monetary damages on its trademark infringement claims, the permanent injunction is an adequate remedy in this case. *See Martinizing*, 2017 WL 1521508, at *3. Otter did not seek damages on its patent claim. *See* Dkt. No. 14, at 5 n.1.

15. In light of MCCC's willful infringement and the facts alleged in this case, Otter is entitled to reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1117(a). Having considered the materials that Otter submitted in support of this request, the Court determines that an award in the amount of $12,716.50 for attorney fees, plus $946.35 in costs, is reasonable.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Plaintiff Otter Products, LLC's Motion for Default Judgment as to Mean Cat Creations Co. [Dkt. No. 12] is GRANTED.

2. Defendant Mean Cat Creations Co., its officers, directors, agents, servants, employees, customers and attorneys, and all other persons who are in active concert or participation with Mean Cat, are hereby permanently ENJOINED from:

    a. infringing the asserted patents (U.S. Patent Nos. D683,955; D738,365; D703,197; D703,654; D710,195; and D703,530);

    b. using the "iDefender" mark, the yellow rectangle design mark, and any other mark (whether in word or design form, trade name, company name, domain name, or designation) that is confusingly similar to Plaintiff Otter Products, LLC's DEFENDER SERIES mark or Yellow Rectangle Design mark (U.S. Trademark Reg. No. 4,293,603), or is not at least a safe distance away from those marks, in the manufacture, advertising, marketing, or sale of cell phone protective devices and related products, and from any attempt to retain any part of the goodwill misappropriated from Plaintiff; and

    c. using packaging bearing a trade dress that is confusingly similar to the OtterBox Packaging Trade Dress, or is not at least a safe distance away from the same, in the manufacture, advertising, marketing, or sale of cell phone protective devices and related products, and from any attempt to retain any part of the goodwill misappropriated from Plaintiff.

3. Defendant Mean Cat Creations Co. is DIRECTED to file with this Court and serve upon Plaintiff, within thirty (30) days after the entry and service on Defendant of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

4. Defendant Mean Cat Creations Co. is DIRECTED to pay the costs of this action and reasonable attorney fees in the total amount of $13,662.85.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 19, 2017
s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge